```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

WILLIAM CHARLES CALLAHAN,       :

      Petitioner,               :
                                        CIVIL ACTION 16-00458-KD-M
v.                              :
                                     CRIMINAL ACTION 14-00227-KD-M
UNITED STATES OF AMERICA,       :

      Respondent.               :
```

REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 121). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate (Doc. 121) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner William Charles Callahan. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Callahan was indicted on August 28, 2014 for conspiracy to

possess with intent to distribute a Schedule I controlled substance in violation of 21 U.S.C. § 846 (Count 1), possession with intent to distribute a Schedule I controlled substance in violation of 21 U.S.C. § 841(a)(1) (Count 2), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 4), and using, carrying, or possessing a firearm during or in relation to or in furtherance of a drug trafficking felony in violation of 18 U.S.C. § 924(c)(1) (Count 5) (Doc. 1).  On January 22, 2015, Petitioner entered into a Plea Agreement and pled guilty to Counts four and five (Doc. 26).  United States District Court Judge DuBose accepted the Plea and found Callahan guilty (Doc. 29).  On September 4, 2015, Judge DuBose sentenced Petitioner to 46 months on Count 4 and 60 months on Count 5, the terms to be served consecutively, as well as three years and five years of supervised release following his release from prison on Counts 4 and 5, respectively, to be served concurrently, and an assessment of two hundred dollars (*see* Doc. 106).  Callahan filed a Notice of Non-Appeal on the same day (Doc. 105).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on August 16, 2016 in which he raises the following claims:  (1) He received ineffective assistance of counsel; and (2) he is actually

innocent of the Count 5 conviction (Doc. 121).  Respondent filed a response on October 7, 2016 (Doc. 124).  Though given the opportunity, as of this date, Petitioner has not replied (*see* Doc. 125).

Before proceeding to Callahan's claims, the Court notes the Government's assertion that because he did not raise his first claim on appeal, it is procedurally defaulted (Doc. 124, pp. 3-4).  The evidence shows that Petitioner did not file an appeal of his convictions or sentence (*see* Doc. 105).  Callahan admits as much in his Motion (Doc. 121, p. 2).

The Court finds that Petitioner's first claim is procedurally defaulted.  *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding").  "A defendant may overcome this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004), *cert. denied*, 543 U.S. 1080 (2005) (*citing Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112 (1995)).  The Court further notes that "[a] procedural

default created by a failure to appeal can also be overcome if a defendant can show a fundamental miscarriage of justice, such as actual innocence." *Black*, 373 F.3d at 1142 n.2 (*citing Mills*, 36 F.3d at 1055) (*citing Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

In this action, Petitioner asserts that his trial attorney was ineffective in not investigating the factual circumstances of the arrest and properly counseling him regarding the elements of the crimes with which he was charged (Doc. 121, pp. 17-21). However, he has not offered any reason for his failure to raise this claim on appeal. As such, the Court finds that Callahan has not demonstrated cause for failing to raise his ineffective assistance of counsel claim on appeal. The Court notes, however, that Petitioner has asserted that he is actually innocent of his conviction in Count 5 (Doc. 121).

The U.S. Supreme Court, in *Schlup v. Delo*, 513 U.S. 298, 324 (1995), has stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." The evidence presented "must show that it is more likely than not that no reasonable juror would have

found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327.  In other words, Petitioner must persuade this Court, "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.  A court can consider constitutional infirmities only after this threshold has been met.

Callahan's offer of new evidence comes in the form of an Affidavit from Louis Buck, Petitioner's co-Defendant in these convictions (Doc. 121, Buck Aff.).  Buck states that the drugs in his car on the day they were both stopped and arrested were his and that Callahan had no knowledge that they were there; Petitioner was merely a friend along for the ride (*id.*).  The Affiant further stated that he did not know the substance, Spice, was illegal in Alabama and that he did not tell Callahan it was there because he did not intend to share the profits he hoped to make in selling it (*id.*).

The Court notes, however, that Buck filed his own Motion to Vacate six weeks before Petitioner's Motion, accompanied by Callahan's sworn statement that Buck did not know that he had the gun on the day he was arrested (Doc. 120, p. 26).  Callahan further stated that he had been prepared to testify to this fact at a suppression hearing on Buck's behalf before sentencing, but

the Government prosecutors threatened to "throw the book at [him]" if he testified, so he did not (*id.*).

After viewing the evidence, the Court notes that a belief in the veracity of the two affidavits would lead to a conclusion that Callahan is innocent.  However, the Court finds that the coincidence of the assertions made in these affidavits negates a showing "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Schlup*, 513 U.S. at 327.

Adding to the unlikelihood of the facts as presented by the two Affiants, the Court notes that the Factual Resume component of Callahan's Plea Agreement specifically sets out the elements of Count 5 as follows:

> Count 5:  The defendant understands that in order to prove a violation of Title 18, United States Code, Section 924(c)(1)(A), using, carrying and possessing a firearm in furtherance of an in relation to a drug trafficking offense, the United States must prove the following beyond a reasonable doubt:
> In order to prove this offense, the Government must prove beyond a reasonable doubt that
> (1) that the defendant committed the drug trafficking crime charged the [sic] indictment;
> (2) that the defendant knowingly used, carried or possessed a firearm; and
> (3) the defendant used the firearm in relation to, carried the firearm in relation to or possessed the firearm in furtherance

of the drug trafficking crime.

(Doc. 26, pp. 15-16).  The Resume goes on to state that Callahan and Buck were arrested on February 19, 2014 when a search of their vehicle revealed 300 packs of synthetic cannabinoids in a box in the back seat and a Glock 27 .40 caliber handgun under the passenger's seat (Doc. 26, pp. 16-19).  Along with his attorney, Callahan signed the Plea Agreement, including the Factual Resume (Doc. 26, pp. 14, 19-20).

In this action, the Court finds that Petitioner offers only assertions of his innocence.  The new evidence is unreliable as, the Court does not find "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Schlup*, 513 U.S. at 329.  The undersigned finds that Callahan has made no showing of actual innocence and has not overcome the procedural default. Furthermore, Petitioner has not shown that this Court's failure to discuss the merit of his claim will result in a fundamental miscarriage of justice being visited upon him.  The undersigned finds that claim one is procedurally barred and that his actual innocence claim fails to provide the gateway to excuse that default.

Therefore, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in

favor of Respondent, the United States of America, and against Petitioner William Charles Callahan.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) be denied.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Callahan has procedurally defaulted his claims by failing to bring them in a timely manner, a reasonable jurist could not conclude that this Court errs in dismissing this petition or that he should be allowed to

proceed further.  *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's Motion to Vacate be denied (Doc. 121) and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, William Charles Callahan.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 25th day of October, 2016.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE